### FRANK E. TINGLEY *vs.* NANCY J. WHITE.

Pub. Stat. R. I. cap. 177, as amended by Pub. Laws R. I. cap. 696, of March 21, 1888, gives a lien to material-men if notice of intention to claim the lien be given, and filed in the town clerk's office, within sixty days of the delivery of the materials, and legal

proceedings to enforce the lien be begun by filing the account in the town clerk's office within six months from beginning the delivery.

*Held*, that to obtain a lien the two things must both be done: *first*, giving and filing notice; *second*, filing the account.

A., a material-man, gave and filed his notice, but did not afterwards file the account.

*Held*, that he had no lien for the price of the materials furnished.

*Query*, whether he would not have complied with the statute had the notice contained a copy of the account, with proper references to the house, land, and ownership, and a statement that the copy and references were inserted for the purpose of commencing process to enforce the lien.

PETITION for the enforcement of a mechanic's lien.

*November* 14, 1891. MATTESON, C. J. This is a petition for the enforcement of the lien created by Pub. Stat. R. I. cap. 177, § 1, as amended by Pub. Laws R. I. cap. 696, § 1, of March 21, 1888,[1] for materials furnished by the petitioner to be used, and which were used, in making certain alterations and improvements in a dwelling-house situated in Providence, belonging to the respondent.

The respondent by her agent entered into a contract with one Frank C. Shafford to make the alterations and improvements. Shafford orally contracted with the petitioner to furnish the doors, sash, blinds, glass, window cords, and other materials on account of which the lien is claimed. These were delivered on the land on which the house was situated, to the plaintiff's agent, on various dates between September 4, 1890, and September 23, 1890.

Pub. Stat. R. I. cap. 177, § 5, as amended by Pub. Laws R. I. cap. 696, § 4, of March 21, 1888, provides that no person who shall furnish materials to be used in the construction, erection, or reparation of any building, etc., without written contract, shall have any advantage of any lien therefor created by said chapter, unless he shall commence legal process for enforcing the same, in the manner thereinafter provided, within six months from the time of the commencing of the delivery of the materials, if payment for the same shall not then be made; and, further, that no lien shall attach for materials furnished unless the person furnishing the same shall, within sixty days after such materials are placed upon the land, give notice in writing to the owner of the property to be affected by the lien (if such owner be not the purchaser of the

---

[1] Printed *ante*, pp. 216, 217.

materials) that he intends to claim such lien, and shall within the aforesaid sixty days place a copy of said notice on record in the office of the town clerk of the town in which such land is situated, etc. In *Dodge* v. *Walsham*, 16 R. I. 704, it was held that this notice must, in Providence, be recorded in the office of the recorder of deeds in order to be effectual.

Pub. Stat. R. I. cap. 177, §. 7, provides that the commencement of legal process to enforce the liens created by that chapter shall be the lodging the account or demand for which the lien is claimed in the office of the town clerk of the town or towns in which the building is situated, with notice to what building, etc., and land, and to what or whose estate in the same, the said account or demand refers, except in the city of Providence, where the same shall be lodged in the office of the recorder of deeds of said city; and that said clerk or recorder of deeds, as the case may be, shall record the names of the parties, the amount of the claims, and the notice aforesaid, and the exact time of the filing said account or demand in his office, in a book to be by him kept for that purpose; but that the original account need not be recorded, but shall be kept on file.

The petitioner on November 1, 1890, gave notice in writing to the respondent that he had within the sixty days prior to that date furnished the materials mentioned to be used in the erection of the dwelling-house of which she was the owner, stating its location, and describing the lot on which it was situated by its number on the Assessors' Plat; that there was due and unpaid on account of such materials $255.76; that all of such materials had been placed upon the land within said sixty days; and that he intended to claim against the house and lot the lien provided by chapter 177 of the Public Statutes, and all acts in amendment thereof or in addition thereto. He also on the same day placed on record in the office of the recorder of deeds in Providence a copy of this notice, but he did not within six months from the time of commencing the delivery of materials lodge in the office of the recorder of deeds in Providence the account or demand for which the lien is claimed, with notice to what building and land, and to what or whose estate in the same, the account or demand refers, which Pub. Stat. R. I. cap. 177, § 7, declares

shall be the commencement of legal process to enforce the lien. He contends, however, that the placing of the notice on record in the office of the recorder of deeds was a substantial compliance with the requirement of § 7. He argues that, as the lodging of the account or demand may be done at any time within the six months, it will be valid if it is lodged the same day with the filing of the notice, or even if it is incorporated into and made a part of the notice itself; that § 7 requires, *first*, the lodging of the account or demand; *second*, a reference to the building and land; and, *third*, to what or whose estate the lien attaches; and that all these requirements are fulfilled by the notice.

The respondent, on the other hand, contends that the mere filing of the notice was not a sufficient compliance with Pub. Stat. R. I. cap. 177, §§ 5, 7, as amended by Public Laws, cap. 696, § 4, of March 21, 1888, since these statutes contemplate that two distinct acts shall be done to entitle a material-man to a lien : *first*, that he shall give notice of his intention to claim the lien and place a copy of it on record, both within the sixty days ; and, *second*, that he shall commence legal process to enforce the lien within six months.

We think the contention of the respondent is correct. It is doubtless true, as the petitioner argues, that, as the lodging of the account or demand may be at any time within the six months, it may be on the same day that the notice is placed on record ; but we think that there must be something beside a notice of intention to claim a lien. Such a notice would naturally contain, and indeed could scarcely be sufficient without the statement in it of, the amount for which, and a reference to the land and building and the estate of the person in it against which, the lien was intended to be claimed. It is quite possible that if the notice in the present case had stated, in addition to the intention of the petitioner to claim the lien, that the statement of materials furnished and the balance due, with the reference to the house and land and the respondent's ownership of it, was incorporated in the notice and lodged in the office of the recorder of deeds, for the purpose of commencing process to enforce the lien, that it might have been a sufficient compliance with the statute. The notice, however, is simply notice of an intention to claim a lien. It purports to be

nothing more. The giving of notice of intention to claim the lien is one step. The commencement of process to enforce it is another. The statute requires both. The petitioner has taken but one, and his petition must, therefore, be denied and dismissed.

*Petition dismissed.*

*James L. Jenks,* for petitioner.
*Herbert Almy,* for respondent.